IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JORDAN POLANSKY,

    Plaintiff,

v.

MICHAEL KELLY, an individual,
and SPORTS CAR CLUB OF
AMERICA, INCORPORATED, a
Connecticut Corporation,

    Defendants.                             Case No. 10-cv-680-DRH

## ORDER

**HERNDON, Chief Judge:**

    Before the Court are several motions titled motions to dismiss affirmative defenses filed by plaintiff Jordan Polansky. In actuality, plaintiff has filed motions to strike affirmative defenses raised by defendants Sports Car Club of America, Inc. (Sports Car Club) and Michael Kelly. For the reasons that follow, the Court denies the motions (Docs. 18, 19, 32, 33, 61, & 62).

### I. Background

    Polansky originally filed this personal injury case arising out of an accident that occurred during a racing event in Madison County circuit court against Kelly and Sports Car Club. On September 3, 2010, Sports Car Club removed the case to this Court based upon diversity of citizenship. Polansky's complaint alleges two counts: a claim of negligence against Kelly and a claim of

wanton and willful conduct against Sports Car Club.

On October 20, 2010, Sports Car Club filed an answer, asserted affirmative defenses, and filed a counterclaim against plaintiff for breach of contract (Doc. 13). Polansky responded by filing an answer and affirmative defenses to the counterclaim (Doc. 23), an answer to Sports Car Club's affirmative defenses (Doc. 20),[1] and motions to dismiss Sports Car Club's first affirmative defense (comparative fault) (Doc. 18) and fifth affirmative defense (sole proximate cause) (Doc. 19). Sports Car Club filed a response to Polansky's motion to dismiss its first and fifth affirmative defenses (Doc. 25) and an answer to Polansky's affirmative defenses (Doc. 26).[2]

Following this, Polansky filed a motion for leave to amend its count against Sports Car Club (Doc. 50). The Court granted that motion (Doc. 53) and Polansky filed an amended complaint against Sports Car Club (Doc. 54). Sports Car Club then filed an answer and affirmative defenses to the amended complaint (Doc. 57). Polansky then filed his answer to Sports Car Club's affirmative defenses to the amended complaint (Doc. 63)[3] and motions to dismiss Sports Car

---

[1]While Polansky could file a response to the counterclaim, the Federal Rules do not permit a response to Sports Car Club's affirmative defenses. FED. R. CIV. P. 7(a); *Williams v. Jader Fuel Co.*, 944 F.3d 1388, 1399 (7th Cir. 1991). Thus, Polansky's answer to Sports Car Club's affirmative defenses should have been stricken when filed and will not be considered by the Court.

[2]The same as in footnote one holds true here.

[3]The same as in footnote one holds true here.

Club's first (Doc. 61) (comparative fault) and fifth affirmative defenses (Doc. 62) (sole proximate cause). Sports Car Club filed a response to Polansky's motion to dismiss its first and fifth affirmative defenses (Doc. 65).

On November 22, 2010, Kelly filed an answer asserting affirmative defenses and a counterclaim for breach of contract against Polansky (Doc. 28). Polansky filed an answer and affirmative defenses to Kelly's counterclaim (Doc. 35), an answer to Kelly's affirmative defenses (Doc. 34),[4] and motions to dismiss Kelly's fifth affirmative defense (Doc. 32) (sole proximate cause) and sixth affirmative defense (apportionment) (Doc. 33). Kelly filed a response to Polansky's motion to dismiss his sixth affirmative defense (Doc. 40) (apportionment).

## II. Analysis

The Court begins by noting that while Polansky has titled his motions as motions to dismiss affirmative defenses, they are in fact motions to strike. Federal Rule of Civil Procedure Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Defenses are pleadings and are therefore subject to all pleading requirements of the Federal Rules of Civil Procedure. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Motions to strike are generally disfavored when they serve only to delay. *Id.* "Affirmative defenses will be stricken only when they are insufficient on the face

---

[4]The same as in footnote one holds true here.

of the pleadings." *Id.* "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Id.* "In a diversity case, the legal and factual sufficiency of an affirmative defense is examined with reference to state law." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). A district court's decision to strike is reviewed under an abuse of discretion standard of review and will not be disturbed unless a decision is unreasonable and arbitrary. *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). The Court considers Polansky's motions to strike affirmative defenses raised by Sports Car Club first, followed by Polansky's motions to strike affirmative defenses raised by Kelly.

*A. Polansky's Motions to Strike Sports Car Club's Affirmative Defense*

The Court begins by noting that Polansky's motion to strike Sports Car Club's first and fifth affirmative defenses (Docs. 18 & 19) filed before Polansky filed his amended complaint are denied as moot. Polansky raised those same arguments in his subsequent motions to strike filed after Sports Car Club filed its affirmative defenses in response to his amended complaint. In those motions to strike (Docs. 61 & 62), Polansky argues that Sports Car Club's first and fifth affirmative defenses of comparative fault and sole proximate cause are the same and that "Illinois case law has held that the alleged negligence of a [p]laintiff is not a defense to the [d]efendant's willful and wanton acts of misconduct." In support, Polansky cites to *Mattyasovsky v. West Town Bus Co.*, 21 Ill. App. 3d 50 (Ill. App. Ct. 1974) and *Scott v. Instant Parking, Inc.*, 100 Ill. App. 2d 293, 299-300 (Ill. App. Ct. 1968). Sports Car Club

responds by contending that Illinois law permits the affirmative defense of comparative negligence in cases involving a defendant's alleged willful and wanton conduct and refers the Court to the Illinois Supreme Court case, *Poole v. City of Rolling Meadows*, 167 Ill. 2d 41, 48-49 (1995).

"Under Illinois law, a plaintiff pleading willful and wanton misconduct must establish the same basic elements of a negligence claim, which are the existence of a duty, breach of that duty, and an injury proximately resulting from the breach." *Doe v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 514 (7th Cir. 2010) (citing *Krywin v. Chi. Transit Auth.*, 909 N.E.2d 887, 890 (Ill. App. Ct. 2009)); see also *Ziarko v. Soo Line R.R.*, 641 N.E.2d 402, 406 (Ill. 1994) ("There is no separate and independent tort of 'willful and wanton' misconduct."). "A willful and wanton claim has the additional requirement that the breach be not merely negligent, but with 'conscious disregard for the welfare of the plaintiff.'" *Doe*, 593 F.3d at 514 (quoting *Ortega-Piron ex rel. Doe v. Chi. Bd. of Educ.*, 820 N.E.2d 418, 423 (Ill. 2004)).

In *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 593 N.E.2d 522 (Ill. 1992), the Illinois Supreme Court held "[b]ecause of the qualitative difference between simple negligence and willful and wanton conduct, and because willful and wanton conduct carries a degree of opprobrium not found in merely negligence behavior, we hold that a plaintiff's negligence cannot be compared with a defendant's willful and wanton conduct." *Id.* at 532. In *Ziarko v. Soo Line Railroad*, 641 N.E.3d 402 (Ill. 1994), however, a plurality of the Illinois Supreme Court reviewed *Burke* and limited

its application and analysis to those cases in which the willful and wanton misconduct was intentional rather than reckless. *Poole*, 656 N.E.2d at 771. The Illinois Supreme Court in *Poole* clarified that its decision in *Ziarko* was applicable to contribution as well as noncontribution cases. *Id.* at 771.

Here, Sports Car Club asserts that its first and fifth affirmative defenses that Polansky was under a duty to exercise reasonable care for his own safety and that Polansky's injuries were a direct and proximate result of Polansky's breach of his duty when committed on of the following negligent acts or omissions: 1) negligently and carelessly positioned himself in the course of his participation in the event at the time and place alleged; 2) negligently and carelessly failed to keep a proper lookout for his own safety; 3) negligently and carelessly positioned himself in an area of the event which was not authorized by the defendant; 4) failed to avoid an open and obvious condition; and 5) was otherwise careless and negligent. Sports Car Club maintains that as a direct and proximate result of one or more of those acts or omissions, Polansky caused the alleged injuries complained of in his complaint.

Sports Car Clubs affirmative defenses are not insufficient on the face of the pleadings, are not insufficient as a matter of law, and present questions of law or fact. In his amended complaint, Polansky alleged that Sports Car Club engaged in a course of action which showed an utter indifference to and a conscience and reckless disregard. Sports Car Club plead as an affirmative defense that Polansky was generally negligent or careless and that as a result Polansky was either comparatively at fault or was the sole proximate cause. Thus, because Polansky has

not plead and has not proven that Sports Car Club's alleged willful and wanton misconduct was intentional, rather than reckless, the Court cannot strike Sports Car Club's affirmative defenses because questions of law and fact exist as to whether Sports Car Club's conduct was wanton and willful and if it was, whether that conduct was intentional or reckless. See *Poole*, 656 N.E.2d at 772 ("Because we cannot determine whether defendants were guilty of intentional and reckless willful and wanton misconduct, we are also unable to determine whether plaintiff's contributory negligence could be compared to defendant's misconduct in apportioning damages."). Furthermore, Sports Car Club's affirmative defenses of comparative fault and proximate cause are not the same. Proximate cause is an element of Polansky's case, *Doe*, 593 F.3d at 514, and the affirmative defense of comparative fault goes to degree of fault. Thus, the motions to strike (Docs. 61 & 62) must be denied.

### *B. Polansky's Motion to Strike Kelly's Affirmative Defenses*

Polansky also filed motions to strike Kelly's fifth affirmative defense (sole proximate cause) (Doc. 32) and sixth affirmative defenses (apportionment) (Doc. 33), contending that sole proximate cause and apportionment are not recognized affirmative defenses listed under Federal Rule of Civil Procedure 8(c)(1) and that the sole proximate cause affirmative defense is duplicative of Kelly's first affirmative defense of comparative fault. Kelly did not file a response to Polansky's motion to strike his sole proximate cause affirmative defenses, but did not file a response to Polansky's motion to strike Kelly's apportionment affirmative defense (Doc. 40), contending that "[a]lthough apportionment is not listed under 8(c)(1) as one of the

exemplar affirmative defenses, it nonetheless can qualify as an avoidance to plaintiff's complaint."

In Kelly's answer (Doc. 28) to Polansky's complaint, Kelly raised six affirmative defenses. Relevant to here, his first affirmative defense was comparative fault and his fifth affirmative defense was sole proximate cause. Both of those defenses alleged that at the time of the occurrence alleged in the complaint, Polansky was under a duty to exercise ordinary care for his own safety, and that if Polansky was injured, his injuries were a direct and proximate result of Polansky's breach of his duty when he committed one or more of the following acts or omissions: 1) negligently and carelessly positioned himself in the course of his participation in the event at the time and place alleged; 2) negligently and carelessly failed to keep a proper lookout for his own safety; 3) negligently and carelessly positioned himself in an area of the event which was not authorized by the defendant; 4) failed to avoid an open and obvious condition; and 5) was otherwise careless and negligent. The only difference between the two defenses, was that in the comparative fault defense, Kelly alleged that as a direct and proximate result or more of the above, Polansky caused the alleged injuries and damages complained of in his complaint. Further, that defense plead that Polansky's negligence was more than fifty percent of the proximate cause of his injuries so his claim should be barred, or alternatively, Polansky's contributory negligence should be calculated by the jury and reduce any judgment. Whereas, Kelly's proximate cause affirmative defense, stated that Kelly exercised reasonable care and caution at all times for the safety of Polansky, and that one or

more of the above acts committed by Polansky was the sole proximate cause of his alleged injuries and damages. In Kelly's sixth affirmative defense of apportionment, Kelly denies that he is liable to Polansky in any amount whatsoever, but if the jury determines that Kelly is liable, then he requests an apportionment of liability between parties, non-parties, and others found to be liable and that a determination be made as to the relative fault of the parties.

As the Court stated above, the defenses of proximate cause and comparative fault are not the same. In fact, a defendant is not required to plead proximate cause as an affirmative defense in order to negate causation because proximate cause is an element of plaintiff's case. *Bauer v. J.B. Hunt Transport, Inc.*, 150 F.3d 759, 763 (7th Cir. 1998) (citing *Leonardi v. Loyola Univ. of Chi.*, 658 N.E.2d 450, 455 (Ill. 1995)). As to Polansky's argument that sole proximate cause and apportionment are not recognized affirmative defenses listed under Federal Rule of Civil Procedure 8(c)(1), "Rule 8(c) identifies a nonexhaustive list of affirmative defenses that must be plead in response." *Jones v. Overton*, 549 U.S. 199, 212 (2007). Thus, Polansky's motions to strike (Docs. 32 & 33) are denied.

### III. Conclusion

For the reasons articulated above, Polansky's motions to strike (Docs. 18 & 19) Sports Car Club's first and fifth affirmative defenses are denied as moot. Polansky's motions to strike (Docs. 61 & 62) Sports Car Club's first and fifth affirmative defenses and Polansky's motion to strike (Docs. 32 & 33) Kelly's fifth and sixth affirmative defenses are denied because the affirmative defenses are not

insufficient on the face of the pleadings, are not insufficient as a matter of law, and present questions of law or fact.

**IT IS SO ORDERED.**

Signed this 20th day of July, 2011.

David R. Herndon
2011.07.20
15:10:51 -05'00'

**Chief Judge
United States District Court**