IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JORDAN POLANSKY,

    Plaintiff,

v.

MICHAEL KELLY, an individual,
and SPORTS CAR CLUB OF
AMERICA, INCORPORATED, a
Connecticut Corporation,

    Defendants.                                      Case No. 10-cv-680-DRH

**ORDER**

**HERNDON, Chief Judge:**

      Defendants Sports Car Club of America, Inc. (Sports Car Club) and Michael Kelly (with permission to join) have filed an appeal of non-dispositive matters (Doc. 122) decided by Magistrate Judge Phillip M. Frazier.  Specifically, defendants appeal three of Magistrate Judge Frazier's orders concerning discovery matters in this case.  Sports Car Club also filed a motion to stay expert witness disclosure deadline pending its appeal (Doc. 123).  The original deadline for that disclosure was November 21, 2011.  Obviously, that date has passed, and this motion has become moot by this Court's ruling on the appeal.  Accordingly, the motion to stay (Doc. 123) is denied as moot.  Sports Car Club has seven days from the date of this order to file its disclosure of rebuttal experts.

      Defendants appeal has also spurred plaintiff Jordan Polansky to file a

motion to strike defendants' appeal, or in the alternative, a response in opposition to defendants' appeal (Doc. 126).  In plaintiff's motion to strike, plaintiff contends that two of the orders defendants are appealing are untimely and should be stricken.  The Court agrees.

Defendants' appeal three orders entered by Magistrate Judge Frazier on September 26, October 14, and October 27, 2011.  Federal Rule of Civil Procedure Rule 72(a) provides that for nondispositive matters "[a] party may serve and file objections to the order within 14 days after being served with a copy."  FED. R. CIV. P. 72(a); see also SDIL-LR 73.1(a) ("Any party may appeal a Magistrate Judge's order determining a motion or matter within **14 days** after issuance of a Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge.").  Here, defendants appeal was not filed until November 9, 2011, well beyond the fourteen days provided for in the rules for appealing the orders of September 26 and October 14, 2011.  Thus, defendants' appeals of those orders are untimely and will not be considered by the Court.  See FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").  This is especially true where as here Magistrate Judge Frazier noted in his order of October 14, 2011, that a timely challenge to the September 26, 2011, order was not filed.  See Doc. 112.  Accordingly, plaintiff's motion to strike (Doc. 126) defendants' appeal as it relates to those two orders is granted.

While Sports Car Club is correct that this Court is not precluded from

reviewing defendants' untimely appeals, this Court simply chooses to exercise its discretion not to review those appeals in this case, especially when the magistrate put the parties on notice that a timely challenge was not made to the September 26, 2011, order, and then the parties failed again to make a timely challenge to the October 14, 2011, order.  See *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 761 (7th Cir. 2009); SDIL-LR 73.1(a) ("A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.").

     As to the October 27, 2011, order that was timely appealed, defendants are appealing Magistrate Judge Frazier's denial of Sports Car Club's motion for leave to conduct medical expert witness discovery (Doc. 115).  Defendants confess, however, that any prejudice defendants now face "stem from the Court's Order of September 26, 2011, which permitted the Plaintiff to disclose an unlimited number of expert witnesses, with no restrictions on their testimony, long after all discovery had been closed in this case."  As the Court noted above, however, any objections to the September 26, 2011, are long overdue, and "[a] party may not assign as error a defect in the order not timely objected to."  FED. R. CIV. P. 72(a).  In any event, even if the Court were to exercise its discretion and review those objections, the Court would not find the magistrate's decision to be clearly erroneous or contrary to law as Magistrate Judge Frazier's ruling was limited to the discovery phase of this case and no ruling has yet to be made as to whether plaintiff may use the expert witnesses' testimony on a motion, at a hearing, or at trial.  See FED. R. CIV. P. 72(a); FED. R. CIV. P. 37(c); *Ciomber v. Coop. Plus, Inc.*,

527 F.3d 635, 641 (7th Cir. 2008). As Magistrate Judge Frazier noted in his September 26, 2011, order, "[a]rguments about admissibility of particular testimony at trial are not resolved in this Order and may be presented to the trial judge at the appropriate time." With regard to defendants appeal of Magistrate Judge Frazier's refusal to reopen discovery so that defendants could conduct medical expert witness discovery, the Court finds no clear error.

Discovery closed on August 8, 2011. On August 23, 2011, plaintiff sent correspondence seeking to schedule depositions with the dentists and doctors who provided treatment. In response, Sports Car Club filed a motion to bar opinion testimony (Doc. 97). On September 26, 2011, Magistrate Judge Frazier ruled on that motion, providing the following:

> At first glance, the motion appears premature, as no opinion testimony has been obtained. Because this discovery dispute threatens to cause more delay in a case that has had more than its fair share of disputes, the Court will take this opportunity to fashion a solution before testimony is taken. Plaintiff's suggestion that his noncompliance with the scheduling order and Rule 26 qualifies as harmless error is rejected. The motion (Doc. No. 97) is GRANTED. The Scheduling and Discovery Order is MODIFIED as follows.
> (1). Plaintiff may serve a full and complete Rule 26(a)(2)(C) disclosure within 5 days;
> (2). If plaintiff serves a full and complete Rule 26(a)(2)(C) disclosure, he may then depose Dr. James McDermott, Dr. Russell Williams, Dr. Michael Brenner, and Dr. Laurie Byrne within 30 days.
> (3). Assuming the above steps are taken, the parties shall limit the scope of these depositions. The parties may inquire as to facts, including the injuries observed and treatment provided. The parties may also inquire whether, at the time treatment was provided, the witness formed an opinion as to whether the injuries observed were consistent with the history given. The parties may not seek other opinions.
> These deadlines are firm and will not be extended. This order

>is restricted to the discovery phase of this case. Arguments about admissibility of particular testimony at trial are not resolved in this Order and may be presented to the trial judge at the appropriate time.

Following this order, on October 3, 2011, plaintiff sent defendants his Rule 26(a)(2)(C) disclosures, disclosing twelve potential expert witnesses. That same day, Sports Car Club filed a motion to strike barred expert witnesses and testimony within plaintiff's Rule 26(a)(2) expert witness disclosures (Doc. 104), contending that allowing plaintiff to disclose twelve new witnesses after the close of discovery would serve to prejudice Sports Car Club by depriving it of any opportunity to adequately discover information from these witnesses. Alternatively, Sports Car Club sought leave of Court to reopen all discovery to obtain medical records from all newly disclosed expert witnesses, to depose the newly disclosed expert witnesses subject to the limitations set forth by the Court in its September 26, 2011, order, and for leave to set a schedule for retention of rebuttal expert witnesses.

Plaintiff responded to Sports Car Club's motion to strike (Doc. 108), contending that plaintiff's disclosure was in compliance with the Court's September 26, 2011, order. Plaintiff also noted that the Court's earlier ruling regarding the areas to which these doctors may testify was restricted, but observed that the order further noted that this restriction did not apply to trial. Accordingly, plaintiff requested that the Court provide guidance in the areas to which plaintiff is able to elicit information from the aforementioned witnesses as

these depositions may be the only opportunity to elicit information for both plaintiff and defendants regarding the care and treatment of plaintiff for use at trial.  Plaintiff also remarked that he had no objection to Sports Car Club's request that discovery be reopened.

On October 14, 2011, Magistrate Judge Frazier entered an order, denying as moot Sports Car Club's motion to strike barred expert witnesses and testimony within plaintiff's Rule 26(a)(2) expert witness disclosures (Doc. 104), explaining that "[t]he dispute regarding expert disclosures and expert depositions was fully briefed and resolved on September 26, 2011 (Doc. No. 103)."  He then went on to state that plaintiff may depose the four experts identified in the September 26, 2011, order, subject to the limitations in that order, and encouraged the parties to re-read that order.  The order also noted that a timely challenge to the September 26, 2011, order was not filed under Federal Rule of Civil Procedure Rule 72(a), and informed the parties that if any party believed that the deposition questions exceeded the restrictions set forth, objections may be raised on the record, followed by an appropriate motion.

On October 18, 2011, plaintiff filed a motion to extend the time to take the deposition of Dr. Russell Williams (Doc. 113), and on October 21, 2011, Sports Car Club filed a motion for leave to conduct medical expert witness discovery and to disclose rebuttal medical expert witnesses (Doc. 115), mentioning that the defendants' ability to conduct discovery relating to plaintiff's medical expert witnesses, whom were disclosed after the close of all discovery, has not been

addressed, nor has the ability of defendants to retain and disclose rebuttal medical expert witnesses.  Sports Car Club declared that while it reserved the right to raise objections to the admissibility of testimony and opinions rendered by all of plaintiff's medical expert witnesses at trial, Sports Car Club was now seeking leave of court to conduct medical expert witness discovery and to retain rebuttal expert witnesses, if necessary, following the completion of medical expert discovery.  Sports Car Club asserted that this relief was necessary to avoid the prejudice defendants would suffer if the trial judge deems plaintiffs' medical expert witnesses testimony and opinions to be admissible at trial.  On October 24, 2011, plaintiff filed a response, contending that Sports Car Club "has been in possession of the medical records for the [p]laintiff's [e]xpert [w]itnesses for over six months and that said medical records provide clear causation opinions and diagnoses for the [p]laintiff's injuries and that [Sports Car Club] has had the opportunity to call his own witnesses to rebut such medical causation opinions during the discovery phase of these proceedings."

On October 27, 2011, Magistrate Judge Frazier entered an order denying plaintiff's motion for extension of time to take the deposition of Dr. Williams (Doc. 113) and granting in part and denying in part Sports Car Club's motion to conduct medical expert witness discovery and to disclose rebuttal medical expert witnesses.  Specifically, he ruled that discovery is not reopened, but that defendants could disclose rebuttal experts by November 21, 2011.  Magistrate Judge Frazier noted that discovery closed on August 8, 2011, and was reopened

on September 26, 2011, for thirty days for the limited purpose of deposing four treating physicians. He remarked that the parties were warned that the re-opened thirty-day period was firm and would not be extended, and that Dr. Williams' failure to attend his deposition could have been avoided with a deposition subpoena issued and served per Federal Rule of Civil Procedure 45.

Here, Magistrate Judge Frazier's decision to not re-open discovery was not "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). The "decision to cut off discovery is committed to the management skills of the district court" and will be reviewed by the appellate court for an abuse of discretion. *K.F.P. v. Dane Cnty.*, 110 F.3d 516, 520 (7th Cir. 1997). As Magistrate Judge Frazier noted, discovery closed on August 8, 2011, and was reopened for thirty days on September 26, 2011, for the limited purpose of deposing four treating physicians within the limitations he set forth in his order of September 26, 2011. This limitation applied to both parties and he specifically informed the parties that no further extensions would be granted, which he stuck to when he denied plaintiff's request for an extension of time to depose Dr. Williams. As to defendants claims of substantial prejudice, the Court finds these claims to be exaggerated. Plaintiff disclosed the treating physicians in his initial disclosures to defendants and as expert witnesses in response to interrogatories. Moreover, plaintiff has turned over all of these physicians medical records to defendants during the course of discovery. This decision by Magistrate Judge Frazier was clearly not an abuse of discretion as he was in the best position to determine whether or not further

discovery should be conducted.  Accordingly, defendants' appeal is denied.

In sum, defendants' appeal of non-dispositive matters is denied (Doc. 122), Sports Car Club's motion to stay expert witness disclosure pending the ruling on defendants' appeal is denied as moot (Doc. 123), and plaintiff's motion to strike (Doc. 126) is granted.  Defendants shall have seven days from the date of this order to file its disclosure of rebuttal experts.

**IT IS SO ORDERED.**

Signed this 23rd day of December, 2011.

David R. Herndon
2011.12.23
13:04:05 -06'00'

**Chief Judge
United States District Court**